OPINION AND ORDER

This motion for reconsideration and second motion for reconsideration address whether Hopi Tribal Ordinance or Hopi Rules of Civil and Criminal Procedure authorize the Chief Judge to issue court costs for disciplinary proceedings and whether instances of alleged judicial misconduct are properly before the Appellate Court.
FACTUAL AND PROCEDURAL BACKGROUND
[1] On December 29, 2003, Petitioner was suspended from the practice of law for six months effective January 1, 2004 for violations of ER 8.4, ER 1.7(a), ER 1.16, and ER 8.4 as made applicable by Ordinance 21, § 1.9.3(d).
[2] On January 23, 2004, Petitioner submitted a Petition for Extraordinary Writ seeking relief Irom the actions of the Chief Judge. A Request to Stay Suspension Order was simultaneously filed on January 23, 2004 (RSSO) at 1.
[3] On March 18, 2004, oral arguments were held before the Writs Judge. The Writs Judge referred the matter for full Appellate review of the petition and issued an order staying Petitioner’s suspension until April 9, 2004 to allow review by the entire Appellate Court.
[4] On April 12, 2004, this Court issued its opinion accepting extraordinary writ jurisdiction and upholding the decision of the Chief Judge. We found that Hopi Ordinance 21 provided authority to the Tribal Court to discipline members of the Hopi Bar.
[5] On April 28, 2004, Petitioner submitted a Motion for Reconsideration. Petitioner alleged as the grounds for reconsideration that Judge Leslie, the complaining party against the petitioner, engaged in misconduct in open court in front of members of the public, prior to Appellate Court’s decision being served upon the petitioner. In addition, Petitioner requests that the Court reconsider its decision because it failed to address the issue of a fine levied against petitioner and which the trial court had no authority to impose.
[6] On June 11, 2004, Petitioner submitted a Second Motion for Reconsideration. Petitioner requests reconsideration of its decision issued on April 9, 2004 on the additional grounds that Judge Leslie, the complaining party, allegedly filed a second bar complaint against the petition *233 er for the sole purpose of retaliation against petitioner for filing his first motion to reconsider the Court’s decision.
DISCUSSION
[7] We find that the allegations of judicial misconduct are not grounds upon which we can grant reconsideration. Allegations of judicial misconduct in the first instance such as petitioner’s new allegations regarding Judge Leslie, should be raised by complaint to the Chief Judge.
[8] As the Chief Judge did not articulate the basis of authority for imposing court costs for disciplinary proceedings for attorneys and advocates we find no such authority to impose costs. Hopi Tribal Ordinance 21, § 1.9.3, states that “In the event that an attorney is found guilty of contempt before any Court or contempt outside the presence of any Court, the Tribal judge may levy a penalty for said contempt not to exceed the sum of Fifty Dollars ($50.00) ...” While the judge may have intended the $25.00 fee as a fine for contempt it did not explicitly state that: Instead, the judge characterized its imposition of fine as “court costs.” Therefore, this Court must look to the plain meaning if the court’s order. Hopi Tribal Ordinance, § 2.14.6(a), states that “The judgment of conviction in criminal cases shall include costs of Court, not to exceed ... Twenty five Dollars (25.00) where case is disposed of in original trial upon a plea of guilty.” Therefore, we reverse the court’s order imposing court costs.
ORDER OF THE COURT
For the foregoing reasons, we hereby REVERSE the Chief Judge’s order imposing court costs.
IT IS SO ORDERED.